People v Boyd (2019 NY Slip Op 06219)





People v Boyd


2019 NY Slip Op 06219


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-01923
 (Ind. No. 1119/14)

[*1]The People of the State of New York, respondent,
v
Kashawn Boyd, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jill Oziemblewski of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), rendered February 10, 2016, convicting him of assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of assault in the first degree and two counts of criminal possession of a weapon in the second degree for shooting and injuring the complainant.
The Supreme Court permitted the People to introduce into evidence recordings of telephone conversations between the defendant and his codefendant. The telephone calls were made while the defendant was detained pretrial at Rikers Island Correctional Facility and the codefendant was at liberty. The defendant contends that the admission into evidence of these recordings violated his Fourth Amendment right to be free from unreasonable searches and his rights to due process and equal protection of the laws (see US Const Amends IV, XIV; NY Const, art I, §§ 6, 11).
Contrary to the defendant's contention, since the defendant was informed of the monitoring and recording of his telephone calls while at Rikers Island Correctional Facility, he had "no objectively reasonable constitutional expectation of privacy in the content of those calls," and, therefore, the correctional facility could "record and monitor [his] calls, as well as share the recordings with law enforcement officials and prosecutors, without violating the Fourth Amendment" (People v Diaz, 33 NY3d 92, 95).
The defendant's contentions that his due process and equal protection rights were violated are unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach them in the exercise of our interest of justice jurisdiction.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court